IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JACOB CHALKEY** and **CHRISTINE CHALKEY**, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 16 C 2512 |
| | ) |
| **SMITHKLINE BEECHAM CORPORATION** d/b/a **GLAXOSMITHKLINE** and **GLAXOSMITHKLINE LLC**, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This Court first learned of the existence of this action brought by Jacob and Christine Chalkey ("Chalkeys") against GlaxoSmithKline LLC ("GSK")[1] when its regular review of ECF entries included a two- or three-line notation that the case had been transferred from the United States District Court for the Eastern District of Missouri to this judicial district and was then assigned to this Court's calendar through this District Court's computerized random assignment system. And when no case documents were received in this Court's chambers promptly after the February 23, 2016 transfer (scarcely an unusual occurrence, despite the literal requirement of this District Court's LR 5.2(f) -- underscored by this Court's website -- that a paper Judge's Copy of

---

[1] As the case caption indicates, the originally named defendants included not only GSK but also SmithKline Beecham Corporation d/b/a GlaxoSmithKline. As the case filings by GSK have revealed, SmithKline Beecham Corporation had earlier converted from a Pennsylvania corporation to a Delaware corporation and had then further converted to the present Delaware limited liability company effective October 27, 2009.

every filing is to be delivered to the assigned judge's chambers within one business day), this Court simply awaited the arrival of the appropriate papers.

Surprisingly the first document that arrived in this Court's chambers was not from the Chalkeys' counsel, but was rather GSK's Answer to the Chalkeys' Complaint[2] (an Answer was filed this past Tuesday, March 8).[3] This Court immediately had the case docket printed out to determine what other documents needed to be provided for the case to go forward here. To that end it then instructed its judicial assistant to communicate with GSK's St. Louis counsel to request such documents, and those requested documents arrived in this Court's chambers yesterday, March 10. Those documents included not only GSK's December 11, 2015 Notice of Removal from the Missouri state court to the Missouri District Court but also some important additional documents that, as the ensuing discussion explains, have triggered the issuance of this memorandum order.

According to the docket, within a few days after GSK had removed the case to the Missouri District Court it filed a "Motion To Dismiss Case for Lack of Personal Jurisdiction or Motion To Transfer Venue." After Chalkeys' counsel then obtained an agreed-upon extension of time to respond to that alternative motion, counsel filed such a response on January 8, 2016. Next, even before GSK had filed a reply to that response at the end of that month, on January 21 and 22 <u>both</u> sides filed full consents "to having the assigned Magistrate Judge conduct any and all proceedings in this case, including trial and entry of final judgment in accordance with the

---

[2] Actually the original case filing had been labeled a "Petition" filed in the Circuit Court of the City of St. Louis, Missouri, from which situs GSK has had removed the action to the Missouri District Court on diversity-of-citizenship grounds.

[3] Shades of the late Johnny Carson's Carnac the Magnificent routine:

"Here's the answer. What's the question?"

provisions of Title 28 U.S.C. Section 636(c)(1)" (those two full consents make up Docket No. 14). Then a month later, in Docket No. 19 dated February 23, the Magistrate Judge issued a memorandum and order that (1) denied the motion to dismiss for lack of personal jurisdiction and (2) granted the motion to transfer, thus bringing the action to this District Court and, in turn, to this Court's calendar.

    In this District Court, just as in the Missouri District Court, the consent of all parties in an action to a Magistrate Judge's exercise of the full powers spelled out in 28 U.S.C. § 636(c)(1) calls for the reassignment of the action to the calendar of whoever is the designated magistrate judge (provided for in this District Court by LR 73.1(b)). In this instance the designated magistrate judge (also via computerized random assignment) is Magistrate Judge Susan Cox, and this Court accordingly orders the transfer of this action to the calendar of Magistrate Judge Cox.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 11, 2016